UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAHANY SHIHADEH

    Plaintiff,

v.                                                    Case No. 8:23-cv-1326-CEH-SPF

I MICHELIN LLC, and
IYAMILLE MICHELIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Motion for Final Default Judgment Against Defendant I Michelin LLC (Doc. 11). For the reasons set forth herein, the undersigned recommends that the motion be granted in part and denied in part.

**I.  BACKGROUND**

On June 13, 2023, Plaintiff filed her Complaint against Defendants I Michelin LLC ("I Michelin") and Iyamille Michelin (Doc. 1), which brings claims for unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), unpaid wages pursuant to Florida common law, and breach of contract. Plaintiff was employed by Defendant I Michelin as a coach/mentor during the months of January and February 2023 (Doc. 1, ¶¶ 12–16). I Michelin's employees are to be paid using a commission structure for each class taught (*Id.* ¶ 13). Plaintiff's Complaint alleges that I Michelin did not pay Plaintiff for eighteen classes that she taught between January 27, 2023 and February 2, 2023 (*Id.* ¶¶ 16, 25). After Plaintiff contacted Defendants about nonpayment, one of I Michelin's employees informed Plaintiff that a check was mailed to her address, but Plaintiff never

received the check (*Id.* ¶ 23). Plaintiff attempted to contact Defendants multiple times but Defendants failed to respond (*Id.*).

Defendant I Michelin was served with a copy of the Summons and Complaint (Docs. 1, 1-2) on June 21, 2023 (Doc. 6). Accordingly, I Michelin's deadline to file a responsive pleading was July 12, 2023. On August 21, 2023, Plaintiff moved for a clerk's default against I Michelin (Doc. 8), and the Clerk entered a default against I Michelin that day (Doc 10). Plaintiff now seeks a final default judgment against I Michelin on her FLSA claim, claiming that she suffered damages in the amount of $1,562.00 plus interest, consisting of $781.00 in unpaid back wages and $781.00 in liquidated damages for the unpaid wages claim (Doc. 11). On May 7, 2024, the Court held an evidentiary hearing on damages at which Plaintiff appeared and testified (Doc. 18).

## II. STANDARD OF REVIEW

A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation omitted). As such, if well-pleaded, liability is established by virtue of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). However, before entering a default judgment for damages, "the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings

for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer,* 218 F. App'x 860, 863 (11th Cir. 2007).

Damages, however, are not admitted by virtue of default. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). It is the Court that determines the amount and character of damages. *Id.* Damages to be awarded by default judgment may be assessed "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is not necessary if sufficient evidence is submitted to support the request for damages).

### III. DISCUSSION

#### A. *Liability*

In Count I of her Complaint, Plaintiff alleges I Michelin willfully failed to pay her the applicable minimum wages in violation of the FLSA (Doc. 1, ¶¶ 27–35). "The FLSA requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). "A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a

minimum wage or overtime compensation." *Lozano v. Datereybru Co., LLC*, No. 6:19-cv-1783-CEM-LHP, 2022 WL 2317459, at *3 (M.D. Fla. Apr. 7, 2022) (citations omitted), *report and recommendation adopted*, 2022 WL 2802945 (July 18, 2022).

Based on the allegations in the Complaint, deemed admitted, these elements are met. First, Plaintiff alleges in her Complaint that I Michelin was her employer and that Plaintiff was engaged in commerce while employed by I Michelin. (Doc. 1, ¶¶ 28–31). Plaintiff also alleges that I Michelin failed to pay Plaintiff minimum wage compensation. (*Id.* ¶¶ 32–33).

    B.  *Damages*

It is well-recognized that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Here, Plaintiff's testimony and the exhibits entered into evidence at the hearing are sufficient to show the amount and extent of the work she performed and provide an adequate basis for calculating her damages. *See, e.g., Wallace v. The Kiwi Grp.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008) (finding plaintiffs' affidavits sufficient evidence for calculating FLSA damages).

Under the FLSA, Plaintiff is entitled to be compensated for the difference between the wages she received and $7.25 per hour for work she performed. *See* 29 U.S.C. § 206(a)(1). During the relevant period, Plaintiff taught fifteen Basic Training classes (forty-

five minutes per class), one Introduction class (thirty minutes per class), one Advanced Training class (forty-five minutes per class), one Starting LLC class (forty-five minutes per class), and one Fulfilled by Amazon class (sixty minutes per class) (Doc. 1, ¶ 16; Docs. 19-1, 19-2).[1] Thus, Plaintiff established that she worked 14.25 hours for Defendant (Docs. 19-1, 19-2). She also testified that she did not receive any compensation. For 14.25 hours of work, the statutory minimum wage that should have been paid to Plaintiff is $103.31. Because Plaintiff was not paid any wages for her work, she is entitled to $103.31 in compensation for minimum wages.

While Plaintiff claims entitlement to $781.00 in unpaid wages based on her agreed compensation structure with Defendant, this is only relevant to a state law unpaid wages claim or a breach of contract claim. The amount she should have been paid is inconsequential to a minimum wage claim under the FLSA, as the FLSA only requires that an employee receive compensation at the minimum statutory rate. *Wallace*, 247 F.R.D. at 683. While Plaintiff included claims for breach of contract and unpaid wages under Florida common law in her Complaint, she has only moved for default judgment on the FLSA minimum wages claim (*See* Doc. 11). In her motion, Plaintiff argues that the full wages, as opposed to only the minimum wage rate, should be paid per the "make whole doctrine" and

---

[1] Plaintiff's Complaint states that she taught "1 Introduction Class, 13 Basic Training Classes, 1 Advanced Training Class, 1 Starting LLC Class, and 2 Classes priced at $48.00 each with management's approval." (Doc. 1, ¶ 16). The evidence establishes that the "2 Classes priced at $48.00 each" were also Basic Training classes (Docs 19-1, 19-2). While Plaintiff did not allege that she taught a "Fulfilled by Amazon" class in the Complaint, Plaintiff represented at the hearing that this was a scrivener's error. Because there is no heightened pleading requirement for FLSA claims, and because Plaintiff testified that she performed this hour of work and provided documentation supporting this testimony, the Court considers this in calculating Plaintiff's damages.

5

the Court's equitable powers. (Doc. 11, ¶ 14 (citing *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426 (3d Cir. 2009)). The Court declines to exercise its equitable powers to increase Plaintiff's damages where, as here, adequate legal remedies exist. *Cf. Lewis v. Fed. Prison Indus., Inc.*, 953 F.3d 1277, 1285 (11th Cir. 1992) (Tjoflat, C.J., concurring in part, dissenting in part) ("[A]lthough equitable powers of federal courts should be broadly construed to afford complete relief under a statute, such equitable powers cannot be used to expand or override the intent of Congress to provide limited legal remedies; such as Congress limiting legal remedies to 'unpaid minimum wages and unpaid overtime compensation' and liquidated damages under the ADEA.") (citations omitted).

C. *Liquidated Damages*

By failing to answer the Complaint, I Michelin admits that it acted willfully in failing to pay Plaintiff the statutorily required minimum wage compensation. Because I Michelin has failed to establish its failure to pay Plaintiff the statutorily required minimum wage compensation was in good faith or that it had reasonable grounds for believing that it was not acting in violation of the FLSA, Plaintiff is entitled to liquidated damages on her minimum wages claim. *Morgan*, 551 F.3d at 1282 (stating that "the district court has discretion to reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA") (quotations and alterations omitted); *see also Miller*, 75 F. Supp. 2d at 1346 (noting that "[b]y virtue of its default, [defendant] has admitted a wil[l]ful violation . . . and the Court is precluded from finding good faith"). Accordingly, I Michelin is liable to Plaintiff

6

for the amount of unpaid minimum wages compensation owed to her, $103.31, as liquidated damages. 29 U.S.C. §§ 216(b), 260.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's Motion for Final Default Judgment Against I Michelin LLC (Doc. 11) be granted in part and denied in part.

2. The Court direct the Clerk to enter a final default judgment for Plaintiff on Count I of her Complaint.

3. Plaintiff be awarded the following amounts against Defendant I Michelin LLC: unpaid minimum wage compensation in the amount of $103.31 and liquidated damages in the amount of $103.31.

**IT IS SO REPORTED** in Tampa, Florida, on May 9, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of §

636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.